UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HENRY MASON,

Petitioner,

v.

JEREMY BEAN, *et al.*,

Respondents.

Case No. 2:26-cv-00446-ART-BNW

ORDER

Henry Mason, an individual incarcerated at Nevada's High Desert State Prison, initiated this federal habeas corpus action on February 18, 2026, by filing an application to proceed *in forma pauperis* (ECF No. 1) along with a petition for writ of habeas corpus (ECF No. 1-1) and a motion for appointment of counsel (ECF No. 1-2). On February 20, the Court received financial certificates showing the status of Mason's prison accounts. (ECF No. 4.)

Based on the information in the *in forma pauperis* application and the financial certificates, the Court determines that Mason is able to pay the $5 filing fee for this action, so his *in forma pauperis* application will be denied, and Mason will be required to pay the filing fee if he wishes to proceed with this action.

If Mason pays the filing fee in the time allowed, the Court will proceed to formally screen his habeas petition and consider his motion for appointment of counsel. If Mason does not pay the filing fee in the time allowed, this action will be dismissed without prejudice; dismissal "without prejudice" means the dismissal would not affect Mason's ability to initiate another federal habeas corpus action in the future, if and when it is appropriate to do so.

The Court observes—without formally screening the petition at this time—that Mason drafted his petition on the wrong form, if he in fact intended to file it in *federal* court. He drafted his petition using a form provided by the Nevada

1

*state courts.* (*See* ECF No. 1-1.) And, indeed, despite exhaustion of state-court remedies being generally required before habeas corpus relief can be granted by a federal court, it appears that Mason has not yet sought relief in state court. So, it appears likely that Mason meant to file this petition in state court, not federal court. If that is the case, and Mason did not mean to initiate this federal habeas corpus action, he may opt to do nothing further in this case, and instead initiate a state-court habeas action, as he might have intended in the first place. Again, if Mason does not pay the filing fee for this federal action in the time allowed, this action will be dismissed without prejudice.

It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is denied. Petitioner will have 45 days from the date of entry of this order to pay the $5 filing fee for this action.

DATED THIS 23rd day of February 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2